

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00040-CR

_____


DERIC DAMON PORTER, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 24102



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Deric Damon Porter attempts to appeal his convictions of theft of property and evading arrest/detention, repeat offender. Porter's sentences were imposed on August 22, 2011. His notice of appeal was filed on March 7, 2012. We received the clerk's record March 8, 2012. The issue before us is whether Porter timely filed his notice of appeal. We conclude that he did not and dismiss the attempted appeal for want of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which a notice of appeal must be filed by a defendant in order to perfect appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended in open court, or within ninety days after sentencing if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2(a); *Olivo*, 918 S.W.2d at 522. The record does not contain a motion for new trial. The last date Porter could timely file his notice of appeal was September 21, 2011, thirty days after the day the sentences were imposed in open court. *See* TEX. R. APP. P. 26.2(a)(1). Further, no motion for extension of time was filed in this Court within fifteen days of the last day allowed for filing the notice of appeal.

Further, on our review of the clerk's record, we noted that the trial court's certification of right of appeal stated that this was a plea agreement case and that Porter has no right of appeal.

2

Unless a certification, showing that a defendant has the right of appeal, is in the record, we must dismiss the appeal.   *See* TEX. R. APP. P. 25.2(d).

Because the trial court's certification affirmatively shows Porter has no right of appeal, and because the record before us does not reflect that the certification is incorrect, *see Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the appeal.

Porter has failed to perfect his appeal.   Accordingly, we dismiss the appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:     March 8, 2012
Date Decided:       March 9, 2012

Do Not Publish

3